IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| STANTON E. SILLAS, #N96336, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| vs. | ) | Case No. 18−cv−1021−MJR |
| C/O LOREA,<br>MARK A. BURTON,<br>COUNSELOR WAKEN,<br>GRIEVANCE OFFICER WALKER,<br>ROBERT C. MUELLER,<br>ANN LAHR, and<br>JOHN R. BALDWIN, | ) |  |
| Defendants. | ) |  |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Plaintiff Stanton Sillas, an inmate in Centralia Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. In his Complaint, Plaintiff claims the defendants have discriminated against him and deprived him of property without due process in violation of the Fourteenth Amendment. (Doc. 1). This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or

1

(2) seeks monetary relief from a defendant who is immune
from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to allow this case to proceed past the threshold stage.

### **The Complaint**

In his Complaint (Doc. 1), Plaintiff makes the following allegations: Defendants imposed a rule on Plaintiff, "not commonly enforced in the Illinois Department of Corrections (IDOC), requiring Plaintiff to consume food items purchased from the commissary within two months of purchase." (Doc. 1, p. 4). If items violate this rule, they are confiscated as contraband. *Id.* On April 22, 2017, Defendant Lorea conducted a shakedown of Plaintiff's cell and confiscated the following: 2 powdered milk, 4 shredded chicken, 4 bacon, 4 tuna, 4 roast beef with gravy, 4 chunk ham, 4 beef stew, 4 taco filling, 4 shredded pork, 4 chili with beans, 4 rice, 4 hamburger patty, 4 chicken chunks, 4 pack tortilla shells, 3 double meat barrels, and 1 sausage and cheese. *Id.* In the corresponding disciplinary report, Lorea noted that the reason for the confiscation was "to determine if [Plaintiff] had purchased these items through the

commissary in the past 2 months." *Id.*

On April 26, 2017, Plaintiff admitted to Defendant Burton, the Program Committee Chairperson, that the items were his and presented past receipts to prove he purchased them. *Id.* Burton found Plaintiff guilty of an infraction, however, and did not return his food items. *Id.* Defendant Warden Mueller approved Burton's decision. *Id.* Plaintiff filed a grievance that was heard and denied by Defendant Counselor Waken. *Id.* Plaintiff then sought relief from Defendant Walker, but he also denied Plaintiff's request for his items. (Doc. 1, p. 5). This decision was also approved by Mueller. *Id.* Plaintiff appealed to the Administrative Review Board, for whom Defendant Lahr denied Plaintiff's request for the return of his items. *Id.* Defendant Director Baldwin concurred with Lahr's decision. *Id.*

"[T]here is no institutional rule at Centralia CC, nor an Administrative Rule in IDOC requiring inmates to consume food items purchased at the commissary within 2 months of purchase." *Id.* Further, "no other inmate of the IDOC is subject to the rule solely imposed upon Plaintiff." *Id.* Plaintiff is therefore being treated differently from other inmates. *Id.* Plaintiff has not been given a reason why his food was confiscated other than that it was not purchased within the past two months. *Id.* Plaintiff believes the "Defendants' actions were malicious and have no relation to prison needs." *Id.* Plaintiff seeks monetary damages and injunctive relief to prevent the future confiscation of his food. (Doc. 1, p. 6).

## Discussion

Based on the allegations of the Complaint, the Court finds it convenient to divide the *pro se* action into 2 counts.[1] The parties and the Court will use these designations in all future

---

[1] Plaintiff seeks to bring a cruel and unusual punishment claim under the Eighth Amendment as a third count, but the allegations do not suggest that Plaintiff was deprived of "the minimal civilized measure of life's

3

pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion regarding their merit.

    **Count 1 –**    On and around April 22, 2017**,** Defendants deprived Plaintiff of his property without due process in violation of the Fourteenth Amendment.

    **Count 2 –**    Defendants violated Plaintiff's right to equal protection by implementing a rule that only applies to him that deprives him of his property, in violation of the Fourteenth Amendment.

As discussed in more detail below, Count 1 will be dismissed with prejudice, and Count 2 will be allowed to proceed past threshold. Any other intended claim that has not been recognized by the Court is considered dismissed without prejudice as inadequately pleaded under the *Twombly* pleading standard.

## Count 1 – Deprivation of Property

The Due Process Clause of the Fourteenth Amendment provides that the states shall not "deprive any person of life, liberty, or property, without due process of law[.]" U.S. CONST. amend. XIV. There is no loss of property without due process of law, however, if a state provides an adequate post-deprivation remedy for the loss. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984) ("[A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post deprivation remedy for the loss is available.").

The United States Court of Appeals for the Seventh Circuit has specifically held that an IDOC prisoner has an adequate post-deprivation remedy for confiscation of a prisoner's non-contraband property by IDOC personnel in the form of an action for damages in the Illinois Court of Claims. *See Murdock v. Washington*, 193 F.3d 510, 513 (7th Cir. 1999) (citing 705

---

necessities" by Defendants, so a designated count under the Eighth Amendment is not warranted. *See Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008).

4

ILCS 505/8); *Stewart v. McGinnis*, 5 F.3d 1031, 1035-36 (7th Cir. 1993). Therefore, Plaintiff has failed to state a cognizable claim under 42 U.S.C. § 1983 against the defendants for a violation of his Fourteenth Amendment rights based on the confiscation of his aging food that Plaintiff claims should not be considered contraband. Count 1 will therefore be dismissed with prejudice, though the dismissal is without prejudice to Plaintiff bringing a claim based on the deprivation of his property in the Illinois Court of Claims.

### Count 2 – Equal Protection

The Equal Protection Clause of the Fourteenth Amendment protects individuals from governmental discrimination, typically on account of race, national origin, or sex. *Swanson v. City of Chetek*, 719 F.3d 780, 783 (7th Cir. 2013). Alternatively, an equal protection violation may arise on a "class of one" theory, where an individual is singled out for different treatment for no rational reason. "The classic class-of-one claim is illustrated when a public official, 'with no conceivable basis for his action other than spite or some other improper motive . . . comes down hard on a hapless private citizen.'" *Swanson v. City of Chetek*, 719 F.3d 780, 783-84 (7th Cir. 2013) (citing *Lauth v. McCollum*, 424 F.3d 631, 633 (7th Cir. 2005)).

> "A class-of-one plaintiff must plead and prove that he was 'intentionally treated differently from others similarly situated[2] and that there is no rational basis for the difference in treatment.'" *D.B. ex rel. Kurtis B. v. Kopp*, 725 F.3d 681, 685-86 (7th Cir. 2013) (quoting *Engquist v. Or. Dep't of Agric.*, 553 U.S. 591, 601, 128 S.Ct. 2146, 170 L.Ed.2d 975 (2008)); *see Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564, 120 S.Ct. 1073, 145 L.Ed.2d 1060 (2000). If the government official provides a rational basis for the challenged action "that will be the end of the matter—animus or no." *Fares Pawn, LLC v. Ind. Dep't of Fin. Insts.*, 755 F.3d 839, 845 (7th Cir. 2014); *see Miller v. City of Monona*, 784 F.3d 1113, 1121 (7th Cir. 2015).

*Glover v. Dickey*, 668 F. App'x 158, 160 (7th Cir. 2016).

---

[2] While most circuits require highly specific allegations regarding the "similarly situated" element of an equal protection claim to validly state such a claim, the Seventh Circuit has set an extremely low pleading standard. *Geinosky v. City of Chicago*, 675 F.3d 743, 747–48 (7th Cir. 2012).

5

Plaintiff claims that his equal protection rights were violated because he was singled out with a rule that he must consume food within two months of purchasing it or face its confiscation. His claim is therefore properly construed as a class of one claim. Plaintiff further claims that no other prisoners have to follow this rule, that it is in no way related to the needs of the prison, and that he was deprived of food pursuant to the rule in April 2017. These allegations, taken as true and considering the low pleading standard, state a claim upon which relief may be granted against Lorea, Burton, and Mueller for depriving Plaintiff of his food and finding Plaintiff guilty of a disciplinary infraction based on his having it. Count 2 will therefore proceed against these defendants.

As for Waken, Walker, Lahr, and Baldwin, it is well established that "[f]or constitutional violations under § 1983 ... a government official is only liable for his or her own misconduct." *E.g.*, *Locke v. Haessig*, 788 F.3d 662, 669 (7th Cir. 2015). "This means that to recover damages against a prison official acting in a supervisory role, a § 1983 plaintiff may not rely on a theory of *respondeat superior* and must instead allege that the defendant, through his or her own conduct, has violated the Constitution." *Perez v. Fenoglio,* 792 F.3d 768, 781 (7th Cir. 2015) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)). "Prison officials who simply processed or reviewed inmate grievances lack personal involvement in the conduct forming the basis of the grievance." *Owens v. Evans*, 878 F.3d 559, 563 (7th Cir. 2017) (citing *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001)). Plaintiff does not allege that Waken, Walker, Lahr, and Baldwin took his food away or played any part in the enforcement of the food storage rule imposed on him. Instead, their involvement was apparently limited to reviewing Plaintiff's grievances on the issue. They will therefore be dismissed without prejudice from this action for failure to state a claim upon which relief may be granted.

**Pending Motions**

Plaintiff has filed a Motion for Appointment of Counsel (Doc. 3), which is **REFERRED** to United States Magistrate Judge Stephen C. Williams for a decision.

**Disposition**

**IT IS HEREBY ORDERED** that **COUNT 1** is **DISMISSED** with prejudice for the reasons stated herein.

**IT IS FURTHER ORDERED** that **COUNT 2** shall **PROCEED** against **LOREA**, **BURTON**, and **MUELLER**, and it is **DISMISSED** without prejudice as against **WAKEN**, **WALKER**, **LAHR**, and **BALDWIN** for failure to state a claim on which relief may be granted.

**IT IS FURTHER ORDERED** that as to **COUNT 2**, the Clerk of Court shall prepare for **LOREA**, **BURTON**, and **MUELLER**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each defendant's place of employment as identified by Plaintiff. If any defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, the defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file

or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Stephen C. Williams for further pre-trial proceedings. Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Stephen C. Williams for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, despite the fact that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**
**DATED: May 23, 2018**

<span style="text-align:right;">s/ MICHAEL J. REAGAN
**U.S. Chief District Judge**</span>